UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| JANET NASSIF, individually and as husband and wife; and THOMAS NASSIF individually and as a husband and wife,<br><br>Plaintiffs,<br><br>vs.<br><br>SUPERVALU, INC., a foreign corporation; NEW ALBERTSON'S, INC., a foreign corporation; ALBERTSON'S LLC, a foreign limited-liability company; DOES I through X and ROE CORPORATIONS I through X, inclusive,<br><br>Defendants. | 2:11-cv-01273-GMN-RJJ<br><br>**ORDER**<br><br>Defendant New Albertson's, Inc.'s Motion to Exclude Plaintiff's Economic Experts and Evidence of Lost Earning, Loss of Earning Capacity and Loss of Household Services; and Request Sanctions in Form of Attorney's Fees and Costs  (#24) |

This matter came before the Court for a hearing on Defendant New Albertson's, Inc.'s Motion to Exclude Plaintiff's Economic Experts and Evidence of Lost Earning, Loss of Earning Capacity and Loss of Household Services; and Request Sanctions in Form of Attorney's Fees and Costs  (#24). The Court also considered Plaintiffs' Opposition and Countermotion for Sanctions against Defendants (#26) and Defendants' Reply (#27), as well as the argument & presentation of counsel at the hearing.

**BACKGROUND**

This is a negligence case. On August 8, 2011, Supervalu, Inc., New Albertson's, Inc. and Alberston's, LLC  removed Clark County District Court, Case No. A644261 to United States District Court, District of Nevada. Petition for Removal (#1). On October 27, 2011, the

Defendants served Janet and Thomas Nassif with its First Set of Request for Production of Documents and First Set of Interrogatories. The relevant parts read:

> INTERROGATORY NO. 21
> State the amount of any salary, compensation or income which you claim to have lost as a result of the subject incident, including the method by which you calculated such amount, the total amount of time you claim to have lost from your employment, business or occupation by reason of injuries you suffered in said incident, and the date you returned to work.

Motion (#24), Exhibit A at 9.

> REQUEST TO PRODUCE NO.12
> Please produce all documents reflecting plaintiff's loss of past and/or future earnings, if alleged.
> . . .
>
> REQUEST TO PRODUCE NO. 19
> If you are claiming any lost wages/earnings or loss of future income, please produce a copy of your IRS tax returns for year 2006, 2007, 2008, 2009 and 2010.
>
> REQUEST TO PRODUCE NO. 20
> If you are claiming any lost wages/earnings or loss of future income, please produce your pay stubs from any and all sources of income, employer(s) or business for the years 2008, 2009 and 2010.

Motion (#24), Exhibit B at 5-6.

On November 29, 2011, the Plaintiffs served her Responses to Defendant's First Set of Interrogatories and Request for Production of Documents.

> ANSWER TO INTERROGATORY NO. 12
> Objection, this interrogatory calls for a legal and/or expert opinion. Without waiving said objection, Plaintiff responds as follows: plaintiff's injuries due to the subject incident include, but are not limited to, a back injury, lumbar sprain/strain, and low back pain and spasm radiating to her lower extremities. Plaintiff continues to receive treatment for said injuries.
> Plaintiff reserves the right to supplement this response.

Motion (#24), Exhibit C.

> RESPONSE TO REQUEST NO. 12
> At this time, Plaintiff is gathering documentation to support her claim for lost income as a result of the subject incident.
> Plaintiff reserves the right to supplement this response.
>
> . . .
>
> RESPONSE TO REQUEST NO. 19
> At this time, Plaintiff is gathering requested documentation.

2

      Plaintiff reserves the right to supplement this response.

      RESPONSE TO REQUEST NO. 20
      At this time, Plaintiff is gathering requested documentation.
      Plaintiff reserves the right to supplement this response.

Motion (#24), Exhibit D at 7, 9-10. On December 1, 2011, the Defendants took the Mrs. Nassif's deposition.

According to the Plaintiffs' counsel, on May 2, 2012, Plaintiffs' counsel retained an economic expert and contacted Mrs. Nassif to request that she turn over records including IRS tax returns and pay stubs for the expert to review. On May 3 or 4, 2012, the Plaintiffs delivered the records to the expert. On May 7, 2012, the cut-off date for disclosing experts and expert reports, the Plaintiffs served their expert disclosures.  On May 8, 2012, the Defendants contacted the Plaintiffs' counsel, Elizabeth Coleman, Esq., to request a copy of the records she provided to the Plaintiffs' expert and a stipulation to extend the rebuttal expert deadline to conduct a vocational examination.  Coleman stated she would discuss the matter with lead counsel and call back. On May 8, 2012, the Plaintiffs served their Second Supplement to Their Initial Disclosures Pursuant to F.R.C.P. 26(1)(e), which disclosed medical and billing records from PBS Anesthesia for May 7, 2010, through August 23, 2011, Dr. Bess Chang for March 15, 2011, and Bone and Joint Institute, Dr. Michael J. Crovetti for March 31, 2011. On May 9, 2012, the Defendants faxed a letter to the Plaintiffs' attorney memorializing the previous day's telephone request for records and extension of rebuttal expert deadline. The Plaintiffs' lead counsel indicated to Coleman that he agreed to provide the records to the Defendants and extend the rebuttal expert deadline. The Plaintiffs' counsel never communicated this agreement to the Defendants.

On May 17, 2012, the Defendants filed the instant Motion to Exclude (#24). On May 17, 2011, after the Defendants had filed its motion, the Plaintiffs served their Third Supplement to Their Initial Disclosures Pursuant to F.R.C.P. 26(1)(e) (#33), which disclosed: Mrs. Nassif's pay stubs from December 1, 2011 through April 30, 2012; Mrs. Nassif's W-2s for 2004 through 2011; Mrs. Nassif's U.S. Individual Income Tax Return for 2004 through 2010; Mrs. Nassif's

3

2011 Form SSA-1099[1]; Vocational Economic Assessment dated May 7, 2012; and Analysis Report regarding the subject incident dated May 7, 2012. On May 24, 2012, the Plaintiffs served their Fourth Supplement to Their Initial Disclosures Pursuant to F.R.C.P. 26(1)(e) (#35, #36 & #37), which disclosed Mrs. Nassif's paycheck stubs from December 31, 2007 through December 30, 2010. The cut-off date for disclosing rebuttal experts reports was June 7, 2012. On June 1, 2012, the Plaintiffs filed their Opposition to the instant Motion to Exclude (#26). On June 8, 2012, the Defendants filed Defendant New Albertson's, Inc.'s Reply (#27).

## DISCUSSION

**I. Duty to Produce and/or Supplement – IRS Tax returns 2006-2010; Pay stubs 2008-2010**

The Defendants appear to argue that the Plaintiffs were required to produce the IRS tax returns and pay stubs under Rules 26(a) and 26(b). Motion (#24) at 10-11. The Plaintiffs claim they properly supplemented their responses after the Defendants requested the records. Opposition (#26) at 10.

A party must produce some information without a request under Federal Rule of Civil Procedure 26(a)(1).

> [A] party must, without awaiting a discovery request, provide to the other parties . . . a copy . . . of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses . . . [and] a computation of each category of damages claimed by the disclosing party--who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered.

---

[1] Plaintiffs' expert report lists the use of a 1099 statement for 2010 not 2011.

4

1  Federal Rule of Civil Procedure 26(b)(1) states that "[p]arties may obtain discovery
2  regarding any nonprivileged matter that is relevant to any party's claim or defense . . . ."
3  The Plaintiffs state that their economic expert relied on Mrs. Nassif's medical,
4  employment, and tax records to form the opinions in his report. Opposition (#26) at 14. Given
5  that the economic expert was retained to support one of Mrs. Nassif's damages claims, the
6  documents he used to form his opinion and base his computation of damages on should have
7  been disclosed as required by Rule 26(a).
8  Even if the records were not required to be produced under Rule 26(a), they would fall
9  with the scope of discovery under Rule 26(b), because they are relevant to the Plaintiffs'
10 damages claim for lost wages. The Defendants properly served the Plaintiffs with written
11 discovery requests under Rule 33 and Rule 34 for the records, and the Defendants responded
12 with limited objections and incomplete responses. The Plaintiffs' responses were incomplete,
13 therefore, the Plaintiffs had a duty to supplement under Rule 26(e).
14 Regarding supplementation of disclosures made under Rule 26(a) and responses made
15 under Rule 26(b), Rule 26(e) states that "[a] party who has made a disclosure under Rule
16 26(a)--or who has responded to an interrogatory, request for production, or request for
17 admission--must supplement or correct its disclosure or response . . .  in a timely manner if the
18 party learns that in some material respect the disclosure or response is incomplete or incorrect . .
19 . ."
20 At issue is whether or not the information was disclosed in a timely manner. The
21 Plaintiffs' claim the amount of time they took to disclose the records was reasonable given the
22 "voluminous amount of documents" that it would take seven business days to supplement their
23 initial disclosures. Opposition (#26) at 9. This is an unfounded assertion, because when the
24 Plaintiffs' counsel requested the Plaintiffs collect and deliver the records to their expert, it took
25 less than two days for them to do so. Federal Rule of Civil Procedure 26(a)(1)(E) states that "[a]
26 party must make its initial disclosures based on the information then reasonably available to it.
27 A party is not excused from making its disclosures because it has not fully investigated the case
28

5

. . . ." Here, the Plaintiffs have provided no viable reason why these records could not have been disclosed in the nine months between when this case was removed to this Court and when the Defendants requested the records after they received the Plaintiffs' expert report.

When considering the timeliness of supplements, generally this Court has said that "[w]hile a party may not have all of the information necessary to provide a computation of damages early in the case, it has a duty to diligently obtain the necessary information and prepare and provide its damages computation within the discovery period." *Jackson v. United Artists Theatre Circuit, Inc.*, 278 F.R.D. 586, 592-93 (D. Nev. 2011)("The disclosure requirements should be applied with common sense in light of the principles of Rule 1, keeping in mind the salutary purposes that the rule is intended to accomplish."); *see also*, *Dayton Valley Investors, LLC v. Union Pac. R. Co.*, 2:08-CV-00127-ECR, 2010 WL 3829219 (D. Nev. Sept. 24, 2010) ("Timing is better gauged in relation to the availability of the supplemental information"). Here, the Plaintiffs' records were reasonably available to them, but they did not make a diligent effort to obtain them until they needed the records for their expert.

The Defendants served the Plaintiffs with written discovery requests on October 27, 2011, requesting the records and the Plaintiffs responded to those requests stating that they were still gathering the records on November 29, 2011. However, the Plaintiffs never made any attempt to supplement their incomplete responses as required by Rule 26(e) until after 1) the records had already been used by their expert, 2) the discovery deadline for expert witnesses had past, and 3) the Defendants had filed a Motion for Sanctions against them. The only defense the Plaintiffs asserted for why they did not produce the documents earlier, is that they were unsure about the relevance of the information until they disclosed the expert report. Opposition (#26) at 17. Regardless of whether the Plaintiffs thought the records were relevant, as soon as they responded to the Defendants' requests without objecting to their relevancy, the Plaintiffs had a duty to produce the records in a timely manner. *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992).

If the Plaintiffs were able to gather the records within two days for their own purposes, then they were able to gather the records to supplement their responses within the over five month period after they served the Defendants with their responses.

**II. Exclusion of Economic Expert, IRS Tax Returns, and Pay Stubs**

The Plaintiffs argue that their expert should not be excluded, because they timely and properly disclosed their economic expert. Opposition (#26) at 14, 16. They further argue sanctions are improper because they did produce the records. *Id.* The Defendants assert that "the Court should strike Plaintiff's economic experts and related claims . . . ." Motion (#24) at 19.

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:
> **(A)** may order payment of the reasonable expenses, including attorney's fees, caused by the failure;
> **(B)** may inform the jury of the party's failure; and
> **(C)** may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi).

Fed. R. Civ. P. 37(c)(1).

"The Advisory Committee Notes describe . . . [Rule 37(c)(1)] as a 'self-executing,' 'automatic' sanction to 'provide[ ] a strong inducement for disclosure of material . . . .'" *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001) (quoting Fed. R. Civ. P. 37 Advisory Committee's note (1993)). The Ninth Circuit "'give[s] particularly wide latitude to the district court's discretion to issue sanctions under Rule 37(c)(1)' because subsection 37(c)(1) 'is a recognized broadening of the sanctioning power.'" *R & R Sails, Inc. v. Ins. Co. of Pennsylvania*, 673 F.3d 1240, 1245 (9th Cir. 2012) (quoting *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.,* 259 F.3d 1101, 1106 (9th Cir.2001)).

Because the Plaintiffs failed to supplement their Rule 26(a) disclosures and their Rule 26(b) responses in a timely manner, the records are automatically excluded under Rule 37(c)(1) unless the failure was substantially justified or harmless. The Ninth Circuit has held that "[t]he party facing sanctions bears the burden of proving that its failure to disclose the required

7

information was substantially justified or is harmless." *R & R Sails, Inc. v. Ins. Co. of Pennsylvania*, 673 F.3d 1240, 1246 (9th Cir. 2012); *R & O Const. Co. v. Rox Pro Int'l Group, Ltd.*, 2:09-CV-01749-LRH, 2011 WL 4344027 (D. Nev. Sept. 14, 2011).

      As discussed previously, no substantial justification exists for the Plaintiffs' failure to disclose the records long before the expert report was served on the Defendants. The Plaintiffs argue that their failure was harmless, because the Defendants did receive the records eventually and the Plaintiffs had already agreed to extend the disclosure deadline for rebuttal witnesses. Opposition (#26) at 16, 18. The Plaintiffs served their expert report on the expert disclosure deadline. The report contained records and information from records necessary for an expert to assess the lost wage claim. Further, the Defendants had requested and never received the wage and employment records. The Defendants are now limited to rebuttal expert testimony regarding the Plaintiffs' lost wages claim.  In *R & O*, the Court found that the declaration of an undisclosed witness attached to a summary judgement motion was not harmless, because it contained information "for which there is no other identified source" and failure to disclose that witness deprived the other party of that information. *R & O Const. Co. v. Rox Pro Int'l Group, Ltd.*, 2:09-CV-01749-LRH, 2011 WL 4344027 at *2 (D. Nev. Sept. 14, 2011).   Similarly here, this Court finds that the Plaintiffs' expert report contains information that the Plaintiffs failed to disclose to the Defendants before the expert disclosure deadline. Because this information was not disclosed until after the expert disclosure deadline, the Defendants were not able to have their own expert review the records and are now limit to rebuttal expert testimony. For this reason, the failure to disclose the records was not harmless. Excluding the Plaintiffs' economic expert, IRS tax returns and pay stubs is a harsh sanction that will most likely prevent a  lost wages claim, but "[c]ourts have upheld the use of the sanction even when a litigant's entire cause of action or defense has been precluded." *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001); *see*, *Ortiz-Lopez v. Sociedad Espanola de Auxilio Mutuo Y Beneficiencia de Puerto Rico*, 248 F.3d 29, 35 (1st Cir.2001)(although the exclusion of an

1  expert would prevent the plaintiff from making out a case and was "a harsh sanction to be sure,"
2  it was "nevertheless within the wide latitude of" Rule 37(c)(1)).
3      This Court finds that the Plaintiffs failed to timely disclose the IRS tax returns and pay
4  stubs and are therefore prevented from using them. The expert report, to the extent that the
5  expert relied on those records to form his opinions is also excluded.  Defendant New
6  Albertson's, Inc.'s Motion to Exclude Plaintiff's Economic Experts and Evidence of Lost
7  Earning, Loss of Earning Capacity and Loss of Household Services; and Request Sanctions in
8  Form of Attorney's Fees and Costs  (#24) will be GRANTED.

## CONCLUSION

Based on the foregoing, and good cause appearing therefore,

IT IS HEREBY ORDERED that Defendant New Albertson's, Inc.'s Motion to Exclude Plaintiff's Economic Experts and Evidence of Lost Earning, Loss of Earning Capacity and Loss of Household Services (#24) is **GRANTED**.

IT IS FURTHER ORDERED that on or before November 15, 2012, Defendant shall file an affidavit of fees and costs incurred in bringing the Motion (#24).

IT IS FURTHER ORDERED that a response to the affidavit of fees and costs, if any, shall be filed on or before November 20, 2012.

IT IS FURTHER ORDERED that a hearing on the Request Sanctions in Form of Attorney's Fees and Costs (#24) is scheduled for November 26, 2012, at 10:00 AM in LV Courtroom 3D, 3d floor, Lloyd D. George United States Courthouse, 333 Las Vegas Blvd. So., Las Vegas, Nevada.

DATED this 5th day of November, 2012.

_____
ROBERT J. JOHNSTON
United States Magistrate Judge